# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

THURMAN KING,                                    Case No.

                                                 Honorable

      Plaintiff,

v.

CITY OF ROCKFORD,
ROCKFORD DEPARTMENT OF PUBLIC SAFETY,
OFFICER ZACHARY ABBATE (individually),
OFFICER JASON BRADLEY (individually),

      Defendants.

_____/

Stephen R. Drew (P24323)
Adam C. Sturdivant (P72285)
DREW, COOPER & ANDING
Attorneys for Plaintiff
80 Ottawa Avenue NW, Suite 200
Grand Rapids, Michigan  49503
Phone: (616) 454-8300
E-mail:  sdrew@dca-lawyers.com
E-mail:  asturdivant@dca-lawyers.com

_____/

THERE IS NO OTHER CIVIL ACTION BETWEEN THESE PARTIES ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT PENDING IN THIS COURT, NOR HAS ANY ACTION BEEN PREVIOUSLY FILED AND DISMISSED OR TRANSFERRED AFTER HAVING BEEN ASSIGNED TO A JUDGE.

## COMPLAINT AND JURY DEMAND

## COMPLAINT AND JURY DEMAND

Plaintiff Thurman King, by and through his attorneys DREW COOPER & ANDING, alleges and states as follows:

## JURISDICTION

1.   This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. § 1331 and § 1343(a) (1), (2), (3), and (4) and the aforementioned statutory and constitutional provisions, as this action seeks redress for the violation of Plaintiff's constitutional and civil rights

2.   Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a) to hear and decide claims arising under state law that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

3.   The claims brought are cognizable under the United States Constitution and 42 U.S.C. § 1923 and under Michigan Law.

4.   Venue is proper in the United States District Court for the Western District of Michigan, pursuant to 28 U.S.C. § 1391 (b)(2), in that this is the judicial district in which the events giving rise to the claim occurred.

5.   The amount in controversy exceeds $75,000.00 excluding interest and costs.

## PARTIES

6.   Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

1

7.    Plaintiff Thurman King is a 55-year-old African American citizen of the United States and was at all relevant times a resident of the City of Rockford in the County of Kent, State of Michigan (hereinafter "Plaintiff").

8.    Defendant City of Rockford is a municipal corporation located in the County of Kent, State of Michigan, and is a governmental body organized and existing under the constitution and laws of the State of Michigan and conducting business within the territorial limits of the United States District Court of the Western District of Michigan.

9.    Defendant Rockford Department of Public Safety is a department of Defendant City of Rockford, and is a governmental body organized and existing under the constitution and laws of the State of Michigan and conducting business within the territorial limits of the United States District Court of the Western District of Michigan.

10.   Defendant Zachary Abbate, an officer for the City of Rockford Department of Public Safety, was at all relevant times an agent, employee, or representative of Defendants City of Rockford and/or Rockford Department of Public Safety and is sued individually.

11.   Defendant Jason Bradley, an officer for the City of Rockford Department of Public Safety, was at all relevant times an agent, employee, or representative of Defendants City of Rockford and/or Rockford Department of Public Safety and is sued individually.

12.   At all relevant times, Defendants were acting under color of law, including under color of the statutes, ordinances, regulations, policies, customs, and usages of the City of Rockford, County of Kent, State of Michigan.

## FACTUAL ALLEGATIONS

13.   Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

14. This is an action for money damages against Defendant City of Rockford, Defendant Rockford Department of Public Safety, Defendant Abbate, individually, and Defendant Jason Bradley, individually, for violating Plaintiff's constitutional rights and other rights accorded him by common and statutory law.

15. On March 20, 2019, at approximately 11:00 p.m. Plaintiff was driving in the city of Rockford toward his residence.

16. Defendant Abbate, who was on duty, began following Plaintiff in his service vehicle.

17. Plaintiff was not driving under the influence of alcohol, illegal drugs, or prescription drugs.

18. Plaintiff, while traveling northbound on River Street, came to a full stop at a stop sign located at the intersection of Bridge Street and River Street.

19. Despite the fact that Plaintiff had not committed any observable traffic violations, Defendant Abbate began following Plaintiff's vehicle.

20. After coming to a full stop at the intersection of Bridge Street and River Street, Plaintiff kept traveling in his vehicle toward his residence.

21. At some point, Defendant Abbate activated his light.

22. Unsure of why the police were following him, Plaintiff parked his vehicle at his residence and exited his vehicle.

23. Upon initial contact with Plaintiff, Defendant Abbate stated Plaintiff, "You know I know you, right."

24. Defendant Abbate stated to Plaintiff that he was pulling Plaintiff over for having an inoperable license plate light and for failing to come to a complete stop at the stop sign located at the intersection of Bridge Street and River Street.

3

25.   Recalling that he had made a full stop, Plaintiff became fearful of the officer's intent and what was going to transpire because Defendant Abbate was being untruthful about Plaintiff's driving behavior.

26.   Defendant Abbate's police vehicle was equipped with a dash cam.

27.   The alleged inoperable license plate light was not visible on Defendant Abbate's dash camera.

28.   However, the dash cam recording does show that Plaintiff's vehicle came to a full stop at the intersection of Bridge Street and River Street.

29.   Defendant Abbate also accused Plaintiff of smelling like marijuana and requested that Plaintiff submit to a chemical test.

30.   Plaintiff refused the chemical test.

31.   At some point, Defendant Bradley arrived on scene while Defendant Abbate was questioning Plaintiff.

32.   Given the presence of two officers, and the allegations that Defendant Abbate was lodging against Plaintiff, Plaintiff became even more fearful and attempted to yell for his fiancée who was in their residence.

33.   Defendants Abbate and Bradley grabbed Plaintiff and swung him around, preventing him from yelling for his fiancée.

34.   Plaintiff was then thrown to the ground of his driveway by Defendants Abbate and Bradley.

35.   Plaintiff was arrested and detained by Defendants Abbate and Bradley.

36.   Defendants Abbate and Bradley took Plaintiff to the Kent County Jail where he was unlawfully detained for approximately 14 hours.

37.   While he was detained at the Kent County Jail, Plaintiff submitted to a blood draw.

38. The results of the blood draw did not reveal the presence of alcohol in Plaintiff's system.

39. Upon release from the Kent County Jail, Plaintiff sought treatment at an emergency room where he was diagnosed with a head injury, left elbow sprain, abrasion, and neck strain.

40. On approximately May 9, 2019, Plaintiff was charged criminally with one felony and two misdemeanors including:

    a) Assaulting/Resisting/Obstructing a Police Officer (Felony);

    b) Operating While Intoxicated (Misdemeanor); and,

    c) Alcohol-Open Container in Vehicle (misdemeanor).

41. Plaintiff pleaded not guilty to all charges.

42. Plaintiff was forced to hire a criminal defense attorney to defend the unlawful and unwarranted criminal charges against him.

43. In approximately late June 2019, the Kent County Prosecutor's Office reviewed the dash camera footage of Plaintiff's unlawful arrest.

44. On July 2, 2019, the Kent County Prosecutor's Office filed a Motion of Nolle Prosequi and moved to dismiss the criminal charges in the "interest of justice."

45. The Motion was granted, and the criminal charges were dismissed on July 2, 2019.

46. As a result of the unlawful stop, Plaintiff was unreasonably seized at his residence which led to an escalation of events and Plaintiff's false arrest.

47. As a result of the unlawful stop, which led to Plaintiff's false arrest, Plaintiff was unlawfully incarcerated.

48. As a result of the unlawful stop and seizure, false arrest, and related criminal prosecution, Plaintiff missed approximately 45 days of work resulting in wage loss.

49.     As a result of the false arrest and related criminal prosecution, Plaintiff was also forced to pay a fine for his refusal to take a chemical test.

**COUNT I**
**42 U.S.C. § 1983**
**FALSE ARREST/FALSE IMPRISONMENT**
**DEFENDANTS ABBATE AND BRADLEY**

50.     Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

51.     Plaintiff has a clearly established right under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable seizures of his person.

52.     Plaintiff was stopped for an alleged routine traffic violation.

53.     The alleged traffic violations were unsubstantiated by video (dash cam) evidence.

54.     Defendants' unreasonable seizure of Plaintiff after an unlawful and unsubstantiated stop escalated events that transpired which led to Defendants Abbate and Bradley arresting Plaintiff without probable cause or a reasonable belief that Plaintiff was committing a crime.

55.     Defendants Abbate and Bradley's acts were objectively unreasonable.

56.     On March 20, 2019, Defendants Abbate and Bradley acted in a deliberate, grossly negligent, and/or reckless manner when they executed a false, stop (Defendant Abbate), seizure, and arrest (Defendants Abbate and Bradley) against Plaintiff.

57.     Defendants Abbate and Bradley, in subjecting Plaintiff, to the false stop (Defendant Abbate), seizure, and arrest (Defendants Abbate and Bradley) and the deprivations of his constitutional and federal rights maliciously, acted with callous or reckless disregard, and deliberate indifference as to whether Plaintiff's rights would be violated by their actions.

58.     As a direct and proximate result of Defendants' actions, Plaintiff was deprived of rights, privileges, and immunities under the Fourth and Fourteenth Amendments of the United States Constitution and the laws and Constitution of the State of Michigan.

59.     As a direct and proximate result of the aforementioned actions and inactions by Defendants, Plaintiff sustained injuries including but not limited to, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of personal life, loss of enjoyment of the ordinary pleasures of living, loss of wages, and other damages known and unknown.

**COUNT II**
**42 U.S.C. § 1983**
**MUNICIPAL LIABILITY**
**DEFENDANTS CITY OF ROCKFORD AND**
**ROCKFORD DEPARTMENT OF PUBLIC SAFETY**

60.     Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

61.     This count is alleged against Defendants City of Rockford and Rockford Department of Public Safety

62.     Defendants City of Rockford and/or Rockford Department of Public Safety have the ultimate responsibility and authority to train and supervise officers of the City of Rockford Department of Public Safety regarding the appropriate policies and procedures to use to execute a traffic stop.

63.     Defendants City of Rockford and/or Rockford Department of Public Safety have the ultimate responsibility and authority to train and supervise officers of the Rockford Department of Public Safety regarding the appropriate policies and procedures to implement to reduce and eliminate implicit or unconscious bias.

64.     Defendants City of Rockford and/or Rockford Department of Public Safety have the ultimate responsibility and authority to train and supervise officers of the Rockford Department of Public Safety regarding the appropriate policies and procedures to use to reduce and eliminate racial profiling.

65.     Defendants City of Rockford and/or Rockford Department of Public Safety has the ultimate responsibility and authority to investigate the false stop, seizure, and arrest of Plaintiff and the circumstances leading to his false arrest including all those involved such as Defendants Abbate and Bradley.

66.     Defendants City of Rockford and/or Rockford Department of Public Safety as a matter of custom, policy and and/or practice, failed to adequately and properly investigate the false stop, seizure, and arrest of Plaintiff and failed to perform a thorough investigation into all the events relating to the false arrest and any other constitutional, statutory, or common law violations of Plaintiff's rights.

67.     Defendants City of Rockford and/or Rockford Department of Public Safety, tolerated, authorized and/or permitted a custom, policy, practice and/or procedure of using traffic stops in an improper manner so as to bully, harass, or otherwise inconvenience private citizens.

68.     Defendants City of Rockford and/or Rockford Department of Public Safety, tolerated, authorized and/or permitted a custom, policy, practice and/or procedure of improper stops and stops based on racial profiling.

69.     Defendants City of Rockford and/or Rockford Department of Public Safety, tolerated, authorized and/or permitted a custom, policy, practice and/or procedure of improper stops and stops based on implicit or unconscious bias.

70. Defendants City of Rockford and/or Rockford Department of Public Safety failed to thoroughly review and investigate all policies, practices, procedures, and training materials related to the circumstances surrounding the false stop, seizure, and arrest of Plaintiff.

71. Defendants City of Rockford and/or Rockford Department of Public Safety failed to train its officers, including Defendants Abbate and Bradley regarding the aforementioned policies.

72. Defendants City of Rockford and/or Rockford Department of Public Safety is liable for the damages Plaintiff suffered as a result of the conduct of their employees, agents, and servants, in that after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong.

73. Defendants City of Rockford and/or Rockford Department of Public Safety created a policy or custom under which unconstitutional practices occurred and were allowed to continue.

74. Defendants City of Rockford Department of Public Safety have been grossly negligent in managing subordinates who caused the unlawful condition or event, including the false stop, seizure, and arrest of Plaintiff.

75. Defendants City of Rockford and/or Rockford Department of Public Safety are responsible for the violation of Plaintiff's constitutional rights because Defendants City of Rockford and/or were deliberately indifferent to a custom, pattern, practice, or policy of allowing officers to racially profile citizens, exhibit implicit or unconscious bias, execute unlawful or unwarranted traffic stops, or otherwise engage in conduct resulting in the violation of constitutional, statutory, or common law rights of private citizens.

76. Defendants City of Rockford and/or Rockford Department of Public Safety are responsible for the violation of Plaintiff's constitutional rights because Defendants City of Rockford and/or Rockford Department of Public Safety were deliberately indifferent in failing to train,

supervise, and discipline officers, including Defendants Abbate and Bradley, who engage in such aforementioned misconduct.

77.     By the aforementioned actions and/or inactions, Defendants City of Rockford and/or Rockford Department of Public Safety, as a matter of custom, policy and practice, deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution as well as violations under 42 U.S.C. § 1983.

78.     As a direct and proximate result of Defendant's actions, Plaintiff was deprived of rights, privileges, and immunities under the Fourth and Fourteenth Amendments of the United States Constitution and the laws and Constitution of the State of Michigan.

79.     As a direct and proximate result of the aforementioned actions and inactions by Defendants, Plaintiff sustained injuries including but not limited to, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of personal life, loss of enjoyment of the ordinary pleasures of living, loss of wages, and other damages known and unknown.

### COUNT III
### 42 U.S.C. § 1983
### SUBSTANTIVE DUE PROCESS
### ALL DEFENDANTS

80.     Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

81.     In practice, Defendants City of Rockford and/or Rockford Department of Public Safety have used its officers to bully, harass, and deprive private citizens of their civil liberties.

82.     Defendants City of Rockford and/or Rockford Department of Public Safety used Defendants Abbate and Bradley to interfere with Plaintiff's property interest and his liberty interest which entitle Plaintiff the right to bodily integrity.

83.   Defendants' conduct, either in their individual or collective acts to this abusive environment, caused Plaintiff to be detained unlawfully under the color of law grossly depriving him of fundamental liberty interests.

84.   In addition to the violations of Plaintiff's liberty interests, Defendants also denied Plaintiff an opportunity to call his fiancée when he was taken into custody, depriving Plaintiff of additional Due Process rights.

85.   Defendants have ignored procedural and substantive Due Process requirements in an unlawful campaign to harass, punish, and bully private citizens who they suspect of minor traffic violations/criminal activities despite an absence of probable cause and evidence.

86.   The municipal Defendants have trained their officers and have implemented a policy of transforming ordinary traffic stops into invasive searches and seizures, flouting constitutional requirements related to private property and liberty interests.

87.   Defendants' actions intentionally and willfully deprived Plaintiff of his property interests and Plaintiff's liberty interests without due process of law and without recourse for the arbitrary, abusive, and harassing, conduct of Defendants.

88.   Defendants' actions proximately caused damages to Plaintiff as previously and subsequently alleged.

89.   Defendants acted willfully, knowingly and/or purposefully, and with deliberate indifference to deprive Plaintiff of his constitutional rights.

90.   Due to the nature of Defendants' conduct, Plaintiff is entitled to recover punitive damages against the individual Defendants.

91.    As a direct and proximate result of Defendants' actions, Plaintiff was deprived of rights, privileges, and immunities under the Fourth and Fourteenth Amendments of the United States Constitution and the laws and Constitution of the State of Michigan.

92.    As a direct and proximate result of the aforementioned actions and inactions by Defendants, Plaintiff sustained injuries including but not limited to, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of personal life, loss of enjoyment of the ordinary pleasures of living, loss of wages, and other damages known and unknown.

## SUPPLEMENTAL STATE LAW CLAIMS

### COUNT IV
### MICHIGAN CONSTITUTION ARTICLE I, § 11
### FALSE ARREST
### DEFENDANTS ABBATE AND BRADLEY

93.    Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

94.    Plaintiff has a clearly established right under the Michigan Constitution to be free from unreasonable seizures of his person.

95.    Plaintiff was stopped for an alleged routine traffic violation.

96.    Defendant Abbate stopped Plaintiff without probable cause or a reasonable belief that Plaintiff was committing a crime.

97.    Defendants Abbate and Bradley seized and arrested Plaintiff without probable cause or a reasonable belief that Plaintiff was committing a crime.

98.    Defendants Abbate and Bradley's acts were objectively unreasonable.

99.    On March 20, 2019, Defendants Abbate and Bradley acted in a deliberate, grossly negligent, and/or reckless manner when they executed a false stop (Defendant Bradley), seizure, and arrest (Defendants Abbate and Bradley) against Plaintiff.

100.   Defendants Abbate and Bradley, in subjecting Plaintiff, to the false stop (Defendant Bradley), seizure, and arrest (Defendants Abbate and Bradley) and the deprivations of his constitutional and federal rights maliciously, acted with callous or reckless disregard, and deliberate indifference as to whether Plaintiff's rights would be violated by their actions.

101.   As a direct and proximate result of Defendants' actions, Plaintiff was deprived of rights, privileges, and immunities under the Fourth and Fourteenth Amendments of the United States Constitution and the laws and Constitution of the State of Michigan.

102.   As a direct and proximate result of the aforementioned actions and inactions by Defendants, Plaintiff sustained injuries including but not limited to, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of personal life, loss of enjoyment of the ordinary pleasures of living, loss of wages, and other damages known and unknown.

**COUNT V**
**MICHIGAN CONSTITUTION ARTICLE I, § 17**
**DUE PROCESS**
**ALL DEFENDANTS**

103.   Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

104.   In practice, Defendant City of Rockford and/or Rockford Department of Public Safety have used its officers to bully, harass, and deprive private citizens of their civil liberties.

105. Defendants City of Rockford and/or Rockford Department of Public Safety used Defendants Abbate and Bradley to interfere with Plaintiff's property interest and his liberty interest which entitles Plaintiff the right to bodily integrity.

106. Defendants' conduct, either in their individual or collective acts to this abusive environment, caused Plaintiff to be detained unlawfully under the color of law grossly depriving him of fundamental liberty interests.

107. In addition to the obvious violations of Plaintiff's liberty interests, Defendants also denied Plaintiff an opportunity to call his fiancée when he was taken into custody, depriving Plaintiff of additional Due Process rights.

108. Defendants have ignored procedural and substantive Due Process requirements in an unlawful campaign to harass, punish, and bully private citizens who they suspect of minor traffic violations/criminal activities despite an absence of probable cause and evidence.

109. The municipal Defendants have trained their officers and have implemented a policy of transforming ordinary traffic stops into invasive searches and seizures, flouting constitutional requirements related to private property and liberty interests.

110. Defendants' actions intentionally and willfully deprived Plaintiff of his property interests and Plaintiff's liberty interests without due process of law and without recourse for the arbitrary, abusive, and harassing, conduct of Defendants.

111. Defendants' actions proximately caused damages to Plaintiff as previously and subsequently alleged.

112. Defendants acted willfully, knowingly and/or purposefully, and with deliberate indifference to deprive Plaintiff of his constitutional rights.

113.    Due to the nature of Defendants' conduct, Plaintiff is entitled to recover punitive damages against the individual Defendants.

114.    As a direct and proximate result of Defendants' actions, Plaintiff was deprived of rights, privileges, and immunities under the Fourth and Fourteenth Amendments of the United States Constitution and the laws and Constitution of the State of Michigan.

115.    As a direct and proximate result of the aforementioned actions and inactions by Defendants, Plaintiff sustained injuries including but not limited to, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of personal life, loss of enjoyment of the ordinary pleasures of living, loss of wages, and other damages known and unknown.

**COUNT VI**
**NEGLIGENCE**
**DEFENDANTS ABBATE AND BRADLEY**

116.    Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

117.    Defendants Abbate and Bradley had a common law duty to act reasonably at all times when they were interacting with Plaintiff on March 20, 2019.

118.    Defendant Abbate and Bradley failed to act reasonably as they carried out their tasks and responsibilities granted to them by Defendants City of Rockford and/or Rockford Department of Public Safety.

119.    At all relevant times and places, Defendants Abbate and Bradley were agents of Defendants City of Rockford and/or Rockford Department of Public Safety.

120.    At all relevant times, Defendants were acting in the course and scope of their employment with Defendants City of Rockford and/or Rockford Department of Public Safety and within

15

the scope of their authority as law enforcement officers of the Defendant Rockford Department of Public Safety, a division/department of Defendant City of Rockford.

121.    Defendants Abbate and Bradley breached the duties owed to Plaintiff and were grossly negligent as that term is used and defined in MCL 691.1407(2)(c), when they conducted themselves by actions described above, said acts having been committed with reckless disregard for Plaintiff's health, safety, Constitutional, statutory, and common law rights.

122.    Defendants Abbate and Bradley's conduct rose to the level of gross negligence that was the proximate cause of Plaintiff's injury (MCL 691.1407(2)).

123.    Defendants Abbate and Bradley owed Plaintiff a duty to protect and uphold his federal and state constitutional, statutory, and common law rights.

124.    Defendants Abbate and Bradley failed to act in a manner that would protect, uphold, and respect Plaintiff's Constitutional, statutory, and common law rights to:

    a)      Be free from unreasonable seizures of his person;

    b)      Be free from false stops, seizures, and arrests;

    c)      Be free from being physically assaulted and battered;

    d)      Due process of law; and,

    e)      Other federal and state constitutional, statutory, and common law rights.

125.    Contrary to the duties owed to Plaintiff at the above time and place, Defendants were grossly negligent and breached said duties and violated Plaintiff's federal and state constitutional and statutory rights.

126.    Due to Defendants Abbate and Bradley's gross negligence, they should not be afforded statutory immunity under the Michigan Governmental Tort Liability Act (MCL 691.1407, *et al.*).

127. As a direct and proximate result of Defendants' gross negligence, Plaintiff was deprived of rights, privileges, and immunities under the Fourth and Fourteenth Amendments of the United States Constitution and the laws and Constitution of the State of Michigan.

128. As a direct and proximate result of the aforementioned actions and inactions by Defendants, Plaintiff sustained injuries including but not limited to, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of personal life, loss of enjoyment of the ordinary pleasures of living, loss of wages, and other damages known and unknown.

### COUNT VII
### ASSAULT & BATTERY
### DEFENDANTS ABBATE AND BRADLEY

129. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

130. Defendants Abbate and Bradley committed, or acted in concert to commit, acts which caused the Plaintiff to be apprehensive that Defendants would subject him to an imminent battery and/or intentional invasions of his rights to be free from offensive and harmful contact.

131. Defendants engaged in conduct that demonstrated that the Defendants had a present ability to subject Plaintiff to an immediate, intentional, offensive and harmful touching.

132. Plaintiff did not consent to such conduct, which caused injury, damage, loss, and/or harm.

133. The acts described herein constitute assault and battery, actionable under the laws of the State of Michigan.

134. Defendants committed, or acted in concert to commit, acts, which resulted in harmful or offensive contact with the Plaintiff's body.

17

135. As a direct and proximate result of Defendants' actions, Plaintiff was deprived of rights, privileges, and immunities under the Fourth and Fourteenth Amendments of the United States Constitution and the laws and Constitution of the State of Michigan.

136. As a direct and proximate result of the aforementioned actions and inactions by Defendants, Plaintiff sustained injuries including but not limited to, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of personal life, loss of enjoyment of the ordinary pleasures of living, loss of wages, and other damages known and unknown.

## COUNT VII
## FALSE IMPRISONMENT
## ALL DEFENDANTS

137. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

138. Defendants intentionally arrested and confined Plaintiff without consent, and without reasonable or probable cause.

139. Defendant knew, or should have known, they had no lawful authority to detain Plaintiff.

140. Though Plaintiff was charged criminally, all criminal charges brought against Plaintiff were dropped in their entirety upon review of the dash cam video taken the evening of Plaintiff's unlawful arrest.

141. Defendants' conduct constituted false imprisonment of Plaintiff.

142. As a direct and proximate result of Defendants' actions, Plaintiff was deprived of rights, privileges, and immunities under the Fourth and Fourteenth Amendments of the United States Constitution and the laws and Constitution of the State of Michigan.

143.    As a direct and proximate result of the aforementioned actions and inactions by Defendants, Plaintiff sustained injuries including but not limited to, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of personal life, loss of enjoyment of the ordinary pleasures of living, loss of wages, and other damages known and unknown.

## DAMAGES

144.    Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

145.    As a direct and proximate result of Defendants' actions and/or inactions stated above, Plaintiff suffered the following injuries and damages:

a)      Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

b)      Violation of the right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

c)      Violation of his rights under the Michigan Constitution under Article I, § 11 to be free from an unreasonable search and seizure of his person;

d)      Violation of his rights under the Michigan Constitution under Article I, § 17 to due process;

e)      Physical pain and suffering;

f)      Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, and other;

g)      Lost wages;

h)      Medical expenses;

i)       Expenses related to payment of fines and attorney fees related to the criminal

prosecution; and,

j)       Loss of liberty.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Thurman King, respectfully requests this Court and the finder of

fact to enter a Judgment in Plaintiff's favor and against Defendants on all counts in an amount

consistent with the proofs of trial, and seeks against Defendants all appropriate damages arising

out of law, equity, and fact for each or all of the above counts where applicable and hereby requests

that the trier of fact, be it judge or jury, award Plaintiff all applicable damages, including but not

limited to compensatory, special, exemplary and/or punitive, in whatever amount the Plaintiff is

entitled, and all other relief arising out of law, equity and fact, also including but not limited to:

a)      Actual and Compensatory damages in an amount to be determined as fair and just
under the circumstances, by the trier of fact including, but not limited to medical
expenses, wage loss, expenses related to payment of fines and attorney fees related
to the criminal prosecution, mental anguish, anxiety, humiliation and
embarrassment, violation of Plaintiff's Constitutional rights, and other damages to
be proved;

b)      Punitive and/or exemplary damages in an amount to be determined as reasonable
or just by the trier of fact;

c)      Reasonable attorney fees, interest and costs; and

d)      Equitable or injunctive relief sufficient to protect Plaintiff from any ongoing or
future harassment and intimidation from Defendants;

e)      Any such other and further relief as the Court deems reasonable, just, and proper.

Respectfully submitted,

Dated:  March 19, 2021                                    By:     */s/ Stephen R. Drew*
                                                                                    Stephen R. Drew (P24323)
                                                                                    Adam C. Sturdivant (P72285)

DREW COOPER & ANDING
Attorneys for Plaintiff
80 Ottawa Avenue NW, Suite 200
Grand Rapids, Michigan  49503
Phone: (616) 454-8300
Email: sdrew@dca-lawyers.com
Email: asturdivant@dca-lawyers.com

## **JURY DEMAND**

Plaintiff Thurman King, by and through his attorneys, DREW COOPER & ANDING, demands a trial by jury on all claims set forth above.

Respectfully submitted,


Dated:  March 19, 2021                     By:    */s/ Stephen R. Drew*
                                                            Stephen R. Drew (P24323)
                                                            Adam C. Sturdivant (P72285)
                                                            DREW, COOPER & ANDING
                                                            Attorneys for Plaintiff
                                                            Grand Rapids, Michigan  49503
                                                            Phone: (616) 454-8300
                                                            Email: sdrew@dca-lawyers.com
                                                            Email: asturdivant@dca-lawyers.com